Eastern District of Kentucky
FILED
NOV 24 2004
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON

INTERSTATE COMMISSION FOR
ADULT OFFENDER SUPERVISION
2760 Research Park DR
PO Box 11910
Lexington  KY  40578-1910

    *Plaintiff*

    v.                Civil Action No. 04-526-KSF

TENNESSEE BOARD OF PROBATION AND PAROLE
c/o Paul G. Summers
Tennessee Attorney General and Reporter
PO Box 20207
Nashville  TN  37202-0207

and

STATE OF TENNESSEE
c/o Paul G. Summers
Tennessee Attorney General and Reporter
PO Box 20207
Nashville  TN  37202-0207

    *Defendants*

**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

Comes the Interstate Commission for Adult Offender Supervision (hereinafter "Commission") as the Plaintiff in the above-entitled action and for its Complaint against the Defendants Tennessee Board of Probation and Parole and the State of Tennessee hereby seeks the intervention and relief by this Court as follows:

### A. PRELIMINARY STATEMENT

1. This action is brought pursuant to Article XI, Section C, of the Interstate Compact for Adult Offender Supervision (hereinafter "Compact") and its authorized rules. A true copy of the compact is attached hereto and incorporated herein as Exhibit A. This case arises under the U.S. Constitution, the Federal Declaratory Judgment Act and 28 U.S.C. §1331. The Defendants have violated and breached the provisions of the Compact and its administrative rules with respect to various offenders on probation and parole who are eligible to transfer to Tennessee from other states that are members of the Compact. The Defendants are unlawfully, and in violation of the Compact and its rules, refusing to allow these transfers. Plaintiff seeks temporary and permanent injunctive relief compelling the Defendants to comply with the terms and conditions of the Compact and its administrative rules and to permit the eligible offenders to transfer into Tennessee to be supervised pursuant to the terms of the Compact of which Tennessee is a member. Plaintiff also seeks monetary damages, including attorneys' fees and costs, against the Defendants pursuant to the terms of the Compact and the facts, conditions and circumstances hereinafter set out.

**B.    JURISDICTION AND VENUE**

2. This action is filed pursuant to Article XI, Section C, of the Interstate Compact for Adult Offender Supervision and §§2201 and 2202 of Title 28 of the United States Code. This court has jurisdiction over this action under §1331 of Title 28 of the United States Code. Venue lies in this court under Article XI, Section C, of the Compact, which provides that the Interstate Commission may "initiate legal action in the United States District Court … in the Federal District where the Interstate Commission has its offices to enforce compliance with the provisions of the compact, its duly promulgated rules and by-laws against any compacting state in default." (See Exhibit A, p. 12.) The Interstate Compact for Adult Offender Supervision has received congressional consent pursuant to §112(a), Title 4 of the United States Code.

**C.    PARTIES**

3. The Plaintiff in this action is the Interstate Commission for Adult Offender Supervision. This body is an interstate administrative agency established by statutes creating the Interstate Compact for Adult Offender Supervision, which have been enacted in forty-nine states, including Tennessee, and the District of Columbia and Puerto Rico.

4. The Defendant Tennessee Board of Probation and Parole is an agency of the State of Tennessee and is responsible for

3

the regulation and supervision of adult criminal offenders on probation and parole within the State of Tennessee, including the application of the Compact and its regulations.

5. The Defendant State of Tennessee is a sovereign state of the United States and through enactment into law is a member of the Interstate Compact for Adult Offender Supervision to which it is therefore contractually obligated to the other member states to comply with the provisions of the Compact and its duly-authorized rules.

### D. FACTUAL ALLEGATIONS

6. On November 3, 2003, Rule 3.101(a) of the administrative rules was promulgated by the Plaintiff Commission. The effective date for this rule as determined by the Commission was August 1, 2004.

7. This rule provides that an adult offender who is being supervised on parole or probation and who has three (3) months or more or an indefinite period of supervision remaining:

> **shall be eligible** for transfer of supervision to a receiving state under the compact, **and the receiving state shall** accept transfer, if the offender, pursuant to a valid plan of suspension –
> (1) is in substantial compliance with the terms of supervision in the sending state and
> (2) is a resident of the receiving state; or
> (3) (A) has resident family in the receiving state who have indicated a willingness and ability to

4

     assist as specified in the plan of supervision; and
(B) can obtain employment in the receiving state or has a visible means of support.

See Rule 3.101 (a), a copy of which is attached hereto and incorporated by reference as Exhibit B.

  8. On or about May 27, 2004, Plaintiff, acting by and through its Executive Director, notified Defendants that pursuant to the provisions of the Compact and Rule 3.101(a), Defendants' policy of requiring states from which an offender seeks to transfer to administer and obtain from any offender convicted of a sex crime a psychiatric evaluation and report prior to approving said transfer was in violation of the Compact rules by improperly adding to the requirements under this Rule. Defendants were further advised that complaints had been received by the Commission from the states of Georgia, Oregon and New York that eligible offenders from those states were unlawfully being denied transfer into Tennessee on this basis. See Executive Director's Opinion dated May 27, 2004, attached hereto and incorporated by reference herein as Exhibit C.

  9. Tennessee responded to said opinion in a letter dated July 30, 2004, declining to comply with the provisions of Rule 3.101(a). A true copy of said response is attached hereto and incorporated herein by reference as Exhibit D.

10. In reply, the Plaintiff sent Defendants further clarification of its position, including reference to at least one decision by a Tennessee court and a similar federal court opinion in *Doe v. Ward*, 124 F. Supp. 2d 900 (W.D. Pa. 2000), both interpreting and applying the Compact and its Rules in the same manner as Plaintiff. Tennessee was also informed that the matter would be referred for enforcement action in the absence of its agreement to comply with the terms of the Compact rule. A true copy of said opinion dated August 3, 2004 is attached hereto and incorporated by reference herein as Exhibit E.

11. Defendants have failed and refused to respond or comply with the requirements of Rule 3.101(a) as evidenced by additional grievances filed with the Commission by the states of Ohio, Illinois and Louisiana. True copies of the same are attached hereto and incorporated herein as Exhibits F-1, F-2 and F-3.

12. On October 4, 2004, the Commission notified Defendants through the undersigned counsel of its intention to commence enforcement proceedings upon Defendants, including, but not necessarily limited to, the herein civil proceeding. A true copy of that notification is attached hereto and incorporated herein by reference as Exhibit G.

13. On or about October 26, 2004, the Commission by majority vote authorized the filing of this enforcement action.

A true copy of the official voting record is attached hereto and incorporated herein by reference as Exhibit H.

### E.    CLAIMS FOR RELIEF

### COUNT I – INJUNCTIVE RELIEF SPECIFIC PERFORMANCE

14. The Plaintiff reiterates and realleges paragraphs 1 through 13 of the Complaint as if fully set out herein.

15. Based upon the literal language and plain meaning of the Compact Rule 3.101(a), the Defendants are in violation of the terms of the Compact and the duly promulgated rules by their denials of transfers of offenders from sending states who meet the residency and employment requirements set forth, including, but not limited to, eligible offenders seeking transfer from the states of Georgia, Oregon, New York, Ohio, Illinois and Louisiana.

16. As a compact to which Congressional consent has been given, both the Compact and its duly authorized rules have the status of federal law and Defendants are obligated under the terms of the Compact and the Supremacy Clause of the U.S. Constitution to comply with both the Compact and its authorized rules. *Cuyler v. Adams*, 449 U.S. 433 (1981), *West Virginia ex rel. Dyer v. Sims*, 341 U.S. 22, 33 (1954).

17. The actions of Defendants as described herein constitute a breach of the contractual provisions of the Interstate Compact for Adult Offender Supervision entitling

7

Plaintiff to an order temporarily and permanently enjoining Defendants from denying interstate transfer of offenders into Tennessee who comply with the eligibility requirements of Rule 3.101 (a).

18. Plaintiff has no plain, speedy, or adequate remedy at law and will suffer irreparable harm unless injunctive relief is granted. Such relief is further needed to prevent a multiplicity of suits which involve common facts and issues herein set forth.

## COUNT II - FEES AND COSTS

19. The Plaintiff reiterates and realleges paragraphs 1 through 18 of the Complaint as if fully set out herein.

20. Plaintiff has incurred damages including incurring reasonable attorneys' fees and costs in the enforcement of the Compact and its rules.

21. Pursuant to Article XI, Section C, of the Compact, Plaintiff is entitled to an award of its attorneys' fees and costs upon prevailing on its claims herein.

**WHEREFORE**, Plaintiff, Interstate Commission for Adult Offender Supervision, requests the following:

1. That the rights and duties of the parties to the Compact as applied to the actions of Defendants herein be adjudicated and declared, and that Defendants' conduct be

determined in violation of the Compact and its rules, specifically Rule 3.101(a).

2. That a temporary and permanent injunction be granted to the Plaintiff against the Defendants to restrain and enjoin Defendants from denying interstate transfers of adult offenders under the Compact who meet the eligibility requirements concerning residency and employment under 3.101(a) of the Rules and restraining and enjoining Defendants from imposing the additional requirement of psychological evaluation of sex offenders as a condition of approving such transfers.

3. For an award of Plaintiff's costs and attorneys' fees pursuant to Article XI, Section C, of the Compact.

4. Any and all other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ Richard L. Masters

Richard L. Masters
MASTERS, MULLINS & ARRINGTON
1012 South Fourth Street
Louisville, Kentucky 40203
(502) 582-2900
(502) 587-0931 (fax)
Attorney for Plaintiff, Interstate Compact for Adult Offender Supervision