

**STATE OF TENNESSEE**
## BOARD OF PROBATION AND PAROLE
404 JAMES ROBERTSON PARKWAY, SUITE 1300
NASHVILLE, TENNESSEE 37243-0850   (615) 741-1673

July 30, 2004

**VIA FACSIMILE TRANSMISSION  (859) 244-8001**

Mr. Don Blackburn
Executive Director
Interstate Commission for Adult Offender Supervision
2760 Research Park Drive
P.O. Box 11910
Lexington, Kentucky 40578-1910

    RE:  Jeffrey Nathaniel Eastman;  Georgia
           Darryl Buckery; (# 4811797)  New York
           Alfonso Ramacus;  Oregon

Dear Mr. Blackburn:

Thank you for your letter of July 21, 2004, regarding the above referenced offenders. Mr. Ramacus has been accepted for supervision in Tennessee. The applications of Mssrs. Eastman and Buckery are still pending.

I believe that you misapprehend Tennessee's position regarding sex offenders. While it is true that no person convicted of a sex crime may be paroled without a mental health certification pursuant to Tennessee Code Annotated §§ 40-35-503(c) and 40-28-116(a)(2), our position is based primarily upon Title 39, Chapter 13, Part 7, of the Tennessee Code, the "Tennessee Standardized Treatment Program for Sex Offenders."

§ 39-13-705 of that Act says:

    (a) On and after January 1, 1996, **each sex offender who is to be considered for probation or any other alternative sentencing shall be required to submit to an evaluation for treatment**, risk potential, procedures required for monitoring of behavior to protect victims and potential victims, and an identification under the procedures developed pursuant to § 39-13-704(d)(1).

    (b) Those offenders found guilty at trial or who pled guilty without an agreement as to length of sentence and/or probation and/or alternative sentencing that are to have a pre-sentence report prepared for submission to the court shall be required

Mr. Don Blackburn
July 30, 2004
Page 2

---

to submit to the evaluation referred to in subsection (a). Such evaluation shall be included as part of the pre-sentence report and shall be considered by the court in determining the sentencing issues stated in this section. If the court grants probation or alternative sentencing, any plan of treatment recommended by such evaluation shall be a condition of the probation or alternative sentencing. Those offenders, that, as part of a negotiated settlement of their case, are to be placed on probation or alternative sentencing shall be required to submit to the evaluation referred to in subsection (a) as a condition of their probation or alternative sentencing and any plan of treatment recommended by such evaluation shall be a condition of probation or alternative sentencing.

(c) The evaluation and identification required by subsection (a) shall be at the expense of the offender evaluated based upon such person's ability to pay. The plan of treatment and behavior management shall be at the expense of the offender based upon such person's ability to pay. [emphasis supplied]

The definition of "sex offender" in this Act includes any ". . .person has been convicted in another state of an offense that would constitute a sex offense in this state and who is subject to parole or probation supervision by the board of probation and parole pursuant to an interstate compact." Tenn.CodeAnn. § 39-13-703 (2)

Tennessee Appeals Courts have mandated that all sex offenders ". . . participate in an evaluation for the purposes of identification and assessment of risk potential and to establish a treatment plan and procedures for monitoring behavior." *State v. Mounger*, 7 S.W.3d 70, 74 (Tenn.Crim.App. 1999). The Courts have continuously opined that " . . . . the evaluation of the sex offender constitutes an integral part of the "treatment and monitoring of offenders" on probation, in community corrections programs or incarcerated in the Department of Correction." *State v. Brown*, 1998 WL 798922, 5 (Tenn.Crim.App.). Finally, the Courts have stated," The requirements of the statute are clear. If a sex offender is to be considered for an alternative sentence, such as the defendant herein seeks, he "shall" submit to the evaluation." [emphasis in original] *State v. Goode*, 2003 WL 1737904, 2 (Tenn.Crim.App.)

We contend that it is not unreasonable for the State of Tennessee to attempt to ascertain the nature and extent of a sex offender's mental health impairment as a part of its investigation of an application for transfer of supervision under the Interstate Compact.

Moreover, we maintain that this is allowed, and, in fact, is required by the Parole & Probation Compact Administrators' Association's *Rules for Operations Under the Compact* (The "Interim Rules"). These rules state:

Mr. Don Blackburn
July 30, 2004
Page 3

---

> **Section 2-111.**
> **EXTRAORDINARY MEDICAL/PSYCHOLOGICAL CONDITIONS**
>
> When transferring under the Interstate Compact a parolee or probationer with an extraordinary medical/psychological condition the sending state **shall** fully disclose all relevant known information regarding an offender's condition and shall obtain a signed waiver from the offender allowing for such disclosure. [emphasis supplied]

We contend that if being a Violent Sexual Offender or Child Sexual Predator is not an "Extraordinary Psychological Condition," we cannot imagine what would be. This Rule mandates that "all relevant known information regarding an offender's condition" be disclosed to the Receiving State.

Section 2-110 of the Rules states:

> **Section 2-110.**
> **SPECIAL CONDITIONS (Revised 8/14/03)**
>
> Any receiving state which chooses not to enforce or is not able to enforce a special condition placed upon a parolee or probationer by the sending state shall notify the sending state, as soon as is possible, that the special condition will not be enforced.
>
> **The receiving state, through the Compact Administrator or designee and/or supervising agency may impose additional special conditions upon a parolee or probationer, provided such standards comply with Rule 4-101.** Any receiving state which imposes an additional condition upon a parolee or probationer shall notify the sending state of said condition as soon as is possible. [emphasis in original]

\* \* \* \*

> **Section 4-101.**
> **RECIPROCAL DUTIES BETWEEN STATES**
>
> Each receiving state shall assume the duties of visitation of and supervision over probationers or parolees of any sending state transferred under the Compact, and in the exercise of those duties will be **governed by the same standards which prevail for its own probationers or parolees.**

We do not apply any supervision standard to out-of-state offenders that is not also applied to Tennessee Sex Offenders.

Mr. Don Blackburn
July 30, 2004
Page 4

You refer to Ruling #10 of the PPCAA Rules Committee, which concluded that the State of Pennsylvania could not require psychological evaluations as a mandatory attachment to investigation requests. Ruling #10 makes no reference to Sex Offenders. We contend that an offender with a mental health condition does not, *ipso facto*, necessarily require the same level or type of supervision that would be appropriate for a Sex Offender. Accordingly, the facts of Ruling #10 are not perfectly apposite to the issues at hand.

It has been suggested that Tennessee should allow the ISC Sex Offender applicants to relocate to Tennessee, and then impose the special condition of a mandatory mental health evaluation. However, if an ISC transfer applicant refuses to comply with a special condition during the application process, what reason is there to believe he or she will comply with the conditions of supervision once they are here?

I would like to reiterate that The State of Tennessee fully believes in and is committed to the Interstate Compact for Adult Offender Supervision. We aggressively lobbied for its adoption by the Tennessee Legislature despite some opposition. We are eager to cooperate with other states and do not wish to appear oppositional. However, ensuring the safety of the citizens of the State of Tennessee and other states must be our primary objective.

Very truly yours,

Charles M. Traughber
Chairman
Board of Probation and Parole

cc:  Deputy Legal Counsel to the Governor
     Attorney General and Reporter
     Members, Tennessee Council for Interstate Adult Offender Supervision
     Members, Tennessee Board of Probation and Parole
     Executive Director, Tennessee Board of Probation and Parole
     Acting Field Director, Tennessee Board of Probation and Parole