JAN 2 4 2005

Eastern District of Kentucky
FILED
JAN 2 4 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON

| | |
|---|---|
| INTERSTATE COMMISSION FOR ADULT OFFENDER SUPERVISION, ) ) ) | |
| Plaintiff, ) ) ) | |
| v. ) ) | Civil Action No. 04-526-KSF |
| TENNESSEE BOARD OF PROBATION ) AND PAROLE and STATE OF ) TENNESSEE, ) ) | |
| Defendants. ) | |

## ANSWER

The State of Tennessee and the Tennessee Board of Probation and Parole, through the Office of the Attorney General for Tennessee, answers the complaint for declaratory and injunctive relief as follows:

### A. PRELIMINARY STATEMENT

1. The defendants deny that they have violated and breached the provisions of the Interstate Compact for Adult Offenders Supervision (Compact) and that they are unlawfully refusing to allow transfers of certain offenders to Tennessee in violation of the Compact and its rules.

### B. JURISDICTION AND VENUE

2. Jurisdiction and venue in this matter are not disputed.

1

## C. PARTIES

The allegations of this section of the complaint, including paragraphs 3 through 5, are admitted.

## D. FACTUAL ALLEGATIONS

6. The allegations of paragraph 6 are admitted.

7. The allegations of paragraph 7 are admitted.

8. The allegations of paragraph 8 are admitted except that it is denied that the defendants' policy requiring a psychiatric evaluation and report for sex offenders prior to their transfer to Tennessee violated the Compact.

9. It is admitted that the defendants responded to the opinion and asserted that the provisions of Rule 3.101(a) must be viewed with the provisions of Section 2-111, Extraordinary Medical/Psychological Conditions; Section 2-110, Special Conditions (revised 8/14/03); and Section 4-101, Reciprocal Duties Between States, as well as Tennessee statutory and case law governing sex offenders.

10. It is admitted that the plaintiff sent further clarification of its position and advised that the matter would be referred for enforcement action.

11. The defendants deny that they have not complied with the requirements of Rule 3.101(a) insofar as its application is affected by Section 4.103 of the Rules of the Interstate Commission for Adult Offender Supervision.

12. The allegations of paragraph 12 of the complaint are admitted.

13. The allegations of paragraph 13 of the complaint are admitted.

## E. CLAIMS FOR RELIEF

The defendants deny that the plaintiff is entitled to the relief requested in this section of the complaint, including paragraphs 14 through 21, or to any other relief.

Any allegation not specifically admitted or denied above is hereby denied.

## AFFIRMATIVE DEFENSE

1. The plaintiff fails to state a claim upon which relief can be granted.

Respectfully submitted,

PAUL G. SUMMERS
Attorney General
State of Tennessee

_____
MARK A. HUDSON, BPR# 12124
Senior Counsel
Office of the Attorney General
Civil Rights and Claims Division
P. O. Box 20207
Nashville, TN  37202
(615) 532-2500
(615 (532-2541 (fax)

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been forwarded by first-class, pre-paid postage, to Richard L. Masters, Esq., MASTERS, MULLINS & ARRINGTON, 1012 South Fourth Street, Louisville, Kentucky 40203, on this the 20th day of January, 2005.

*[signature]*
MARK A. HUDSON, BPR# 12124
Senior Counsel
Office of the Attorney General
Civil Rights and Claims Division
P. O. Box 20207
Nashville, TN 37202
(615) 532-2500

4